CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
October 01, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **BANILLA GAMES, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26CV00057 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **RAJ JAYESH PATEL,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Robert N. Drewry, Stephen M. Faraci, Jacqueline Hahn, WHITEFORD, TAYLOR, & PRESTON, LLP, Richmond, Virginia, and Robert Wm. Best, WHITEFORD, TAYLOR, & PRESTON, LLP, Virginia Beach, Virginia, for Plaintiff; Andrew P. Connors, Jacob P. East, Christopher T. Akins-Chong, DARKHORSE LAW PLLC, Lynchburg, Virginia, for Defendant.*

In this intellectual property action, the plaintiff, Banilla Games, Inc. (Banilla), has sued alleging various copyright infringement, federal trademark, and false designation of origin claims. The defendant, Raj Jayesh Patel, has moved to dismiss Counts Two through Fifteen of the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because the plaintiff has averred facts sufficient to make out plausible claims of trade secret misappropriation, trademark infringement, and false destination of origin, I will deny the Motion to Dismiss.

I.

The Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

Banilla, a company that creates and markets video gaming systems, has brought several claims against Mr. Patel based on his alleged unauthorized "purchase, distribution, sale, placement, vending, marketing, public display, and/or commercial exploitation of counterfeit FUSION Games." Compl. ¶ 5, Dkt. No. 1. These claims were for copyright violations, trade secret misappropriation, federal trademark infringement, and false designation of origin.

Generally, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Although a complaint need not contain detailed factual allegations, it must contain

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

II.

The plaintiff plausibly alleges trade secret misappropriation in Counts Fourteen and Fifteen. Misappropriation is defined as

> (A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or (B) disclosure or use of a trade secret of another without express or implied consent by a person who – (i) used improper means to acquire knowledge of the trade secret."

18 U.S.C.A. § 1839(5). "Improper means" is defined as "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." 18 U.S.C.A. § 1839(6)(A).

Banilla accuses Mr. Patel of improperly acquiring, using, distributing, marketing, and/or selling games containing Banilla's trade secrets. Pl.'s Mem. Opp'n 7, Dkt. No. 11. Specifically, it accuses Mr. Patel of circumventing Banilla's security measures.

Mr. Patel's contention that the Complaint accuses him only of "reverse engineering," is ineffective at this stage. Even though Mr. Patel correctly asserts that lawful reverse engineering does not always constitute improper means, Banilla's allegations plausibly support that improper conduct accompanied reverse engineering.

Specifically, Banilla claims that, to circumvent security measures, Mr. Patel de-obfuscated Banilla's proprietary source code and unlawfully altered the Activation Mechanism. Compl. ¶ 88–89, Dkt. No. 1. These allegations are sufficient to claim acquisition by improper means.

III.

Banilla plausibly alleges trademark infringement in Counts Two through Nine and Eleven through Thirteen. The parties dispute whether Banilla alleged that Mr. Patel reproduced genuine copies or counterfeit goods. Mr. Patel argues that Banilla accuses him only of distributing unauthorized copies of Banilla's software, which are still properly marked with their trademark. Therefore, Mr. Patel argues, Banilla can only claim copyright violations, rather than trademark infringement.

However, Banilla's allegations survive this stage because it alleges that the physical gaming machines in Mr. Patel's possessions were counterfeit. Pl.'s Mem. in Opp'n 15, Dkt. No. 11. It alleges that the cabinets were not "sold, authorized or licensed by Banilla." *Id.* (quoting Compl. ¶ 52).

IV.

Complaints should be construed liberally in favor of the plaintiff. A claim is sufficient where its short and plain statement gives the defendant notice of the claim and allows the court to determine whether some recognized legal theory exists upon which relief could be accorded to the pleader.

Here, Banilla clearly alleged a false designation of origin claim, but it mistakenly cited the wrong statute. Instead of citing to U.S.C. § 1125(a)(1)(A), it cited 15 U.S.C. § 1125(a)(1)(B). Compl. ¶ 165, Dkt. No. 1. 15 U.S.C. § 1125(a)(1)(B) is a false advertising statute. Banilla's typographical error does not prevent this court from identifying its legal theory nor does it prevent Mr. Patel from understanding the claim against him.

V.

For the foregoing reasons, it is **ORDERED** that Defendant's Motion to Dismiss, Dkt. No. 7 is DENIED.

ENTER: October 1, 2026

/s/ JAMES P. JONES
Senior United States District Judge